IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Plaintiff,

   v.                                                       No. CIV 12-54 MCA/GBW

FNU LNU et al.,

    Defendant.

## ORDER DENYING APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 3.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: (1) "the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court

that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Plaintiff states the he is "unable to afford counsel," (*doc. 3*), but does nothing to show that he has made real efforts to obtain counsel from legal aid or legal services organizations without payment of a fee or on a contingent fee basis. *Id.* Furthermore, at this point in the case, it would be premature to conclude that Plaintiff's claims raise legal or factual issues that are unusually complex, or that he would have unusual difficult presenting them.[1]

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion, *doc. 3*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that Plaintiff's prior motions for appointment of counsel have been denied as "he has the capacity to present his claims to the Court in a sufficiently cogent manner despite his lack of legal training." *O'Neill v. Jaramillo*, Case No. 11-cv-858 JB/GBW, Doc. 20 (D.N.M. January 18, 2012).