IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Plaintiff,

v.    No. CIV 12-0054 MCA/GBW

GREGG MARCANTEL, Secretary of Corrections,
JAMES LOPEZ, Warden,
LAWRENCE JARAMILLO, former Warden and
Dictator, MANUEL PACHECO, former Warden
and regime Loyalist, DWANE SANTISTAVEN,
former Deputy Warden and loyalist regime,
ARCHI MARTINEZ, officer and regime Loyalist,
EDDY ULTIAGA, officer and regime Loyalist,[1]

    Defendants.

<u>ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT,
ALLOWING SECOND AMENDED COMPLAINT, AND
ORDERING PERSONAL SERVICE OF PROCESS</u>

This matter comes before the Court on Plaintiff's Motions for Default Judgment (Doc. 24, 25) and, *sua sponte*, on his proposed second amended complaint (Doc. 19). Also under review are the record of attempts by the United States Marshals Service (USMS), pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 4, to serve process in this action and Defendants' Special Entry of Appearance (Doc. 21).

On February 28, 2012, the Court issued an order (Doc. 10) directing that "the U.S.

---

[1] An amended complaint (Doc. 19) substitutes Defendant Marcantel, Corrections Secretary,

Marshal serve the summons and copies of the complaint (*doc. 1*) personally on Defendants as directed by the Clerk." The USMS attempted to serve process on the Defendants and filed receipts indicating that personal service had been made on March 14, 2012. (Docs. 13, 14, 15, 16, 17.) Review of the return receipts, however, shows that the deputy marshal delivered the documents to Trish Gallegos, who identifies herself (Doc. 21-1) as a "Senior Paralegal in the Office of General Counsel" at the Corrections Department administrative office. If service had been effected, Defendants' answers would have been due by April 4, 2012. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On April 3, 2012, the Office of the General Counsel for the New Mexico Corrections Department filed a Special Entry of Appearance (Doc. 21) asserting that service had not been properly made on Defendants.

According to the Federal Rules of Civil Procedure, one of the ways that process may be served is by "delivering a copy of the summons and of the complaint to the individual *personally*." Fed. R. Civ. P. 4(e)(2)(A) (emphasis added). Leaving the documents with an agency paralegal does not satisfy this provision. *See, e.g., Rivera-Feliciano v. State Ins. Fund Corp.*, 652 F. Supp. 2d 170, 175 n.2 (D.P.R. 2009). Nor does it appear that process was made under any other provision of rule 4. Therefore, service was not proper under the rule. The Court will therefore order the USMS to properly

---

for Defendant Solis and adds Defendants Jaramillo, Pacheco, and Martinez.

serve process on Defendants as required by rule 4(e).

Plaintiff then filed a motion for default judgment against Defendant Ultiaga for failure to answer the complaint.  This Defendant, however, has not yet been served, and the Court may not enter default judgment against a defendant who is not required to answer.  *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) ("[A]n entry of default against [a defendant] before it had any obligation to answer, would have been incorrect as a matter of law.").  The Court will deny Plaintiff's motion for default judgment against Defendant Ultiaga.

In addition to the service issues noted above, Plaintiff also filed a motion for default judgment against Defendant Martinez for failure to respond to discovery requests.  Defendant Martinez has not been served.  Furthermore, this civil rights case is brought by a pro se prisoner and is thus excluded from the usual pretrial case management procedures.  *See* D.N.M.LR-Civ.16.3(d).  No scheduling order has yet been entered for this case, nor have the parties agreed to start discovery on their own.  *See* D.N.M.LR-Civ. 26.4(a), 26.5(a).  Defendant Martinez need not respond to Plaintiff's requests at this time, and discovery will not commence except on further order.  The motion will be denied.

By order entered on March 9, 2012 (Doc. 12), the Court construed a motion (Doc. 9) filed by Plaintiff as a motion to amend and granted the motion.  Plaintiff

subsequently filed a proposed second amended complaint (Doc. 19).  Under Fed. R. Civ. P. 15(a)(2), the Court will grant Plaintiff leave to file the second amended complaint, which now supersedes the original and first amended complaints.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("[T]he amended complaint supersedes the original.").  The second amended complaint describes newly named Defendants Jaramillo and Pacheco as former state employees and provides no addresses for them.

As a general matter, a plaintiff proceeding under 28 U.S.C. § 1915 is required to provide adequate information to permit service on a defendant.  Accordingly, Plaintiff would ordinarily be directed to file a response to this order with addresses for Defendants Jaramillo and Pacheco.  However, as there is currently a related case before the Court in which Plaintiff brings related claims against both Defendant Jaramillo and Defendant Pacheco, and as the USMS appears to have successfully served process on both of them in that case, the Court will simply order the USMS to serve process on them as done in that case.  *See O'Neill v. Jaramillo*, 11-cv-858-JB-GBW, docs. 40, 41, 51.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED LEAVE to file his second amended complaint (Doc. 19), and no further amendments will be permitted except on proper motion and order;

IT IS FURTHER ORDERED that Plaintiff's Motions for Default Judgment (Doc. 24, 25) are DENIED, and the Clerk is directed to take no action on Plaintiff's

Declarations for Entry of Default (Docs. 26, 27);

IT IS FURTHER ORDERED that the Clerk is directed to issue alias summonses for Defendants Lopez, Santistaven, and Ultiaga; and to issue summonses for Defendants Jaramillo, Pacheco, Marcantel and Martinez;

IT IS FURTHER ORDERED that the United States Marshals Service is ordered to properly serve the summonses with copies of the second amended complaint (Doc. 19) on Defendants Jaramillo, Pacheco, Marcantel, Lopez, Santistaven, Ultiaga, and Martinez as directed by the Clerk; service of the summonses and complaint shall be at no cost to the Plaintiff.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE