IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Plaintiff,

vs.                                                                        No. CIV 11-0858 JB/GBW

LAWRENCE JARAMILLO,
MANUEL PACHECO,
DWANE SANTISTEVAN,
and MICHAEL GATTI.

    Defendants.

and

DANIEL O'NEILL,

    Plaintiff,

vs.                                                               No. CIV 12-0054 JB/GBW

GREGG MARCANTEL, Secretary of Corrections,
JAMES LOPEZ, Warden,
LAWRENCE JARAMILLO, former Warden and
Dictator, MANUEL PACHECO, former Warden
and regime Loyalist, DWANE SANTISTAVEN,
former Deputy Warden and loyalist regime,
ARCHI MARTINEZ, officer and regime Loyalist,
EDDY ULTIAGA, officer and regime Loyalist,[1]

    Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

---

[1] An amended complaint, see Complaint, filed Mar. 19, 2012 (Doc. 19), substitutes Defendant Gregg Marcantel, Corrections Secretary, for Defendant Solis, and adds Defendants Lawrence Jaramillo, Manuel Pacheco, and Archi Martinez.

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion for Summary Judgment, filed July 2, 2012 (Doc. 61)("Motion for Summary Judgment"); and (ii) Defendants' Supplemental Brief to the Motion For Summary Judgment (Doc.61), filed October 29, 2012 (Doc. 87)("Supplemental Brief"). Pursuant to the Order of Consolidation filed, September 13, 2012 (Doc. 74), the Court consolidated cases No. CIV 11-0858 and No. CIV 12-0054. The Honorable Gregory B. Wormuth, United States Magistrate Judge, filed a Proposed Findings and Recommended Disposition, January 4, 2013 (Doc. 101)("PFRD"), concluding that the Court should grant the Defendants' Motion for Summary Judgment on the basis that Plaintiff Daniel O'Neill failed to exhaust administrative remedies as to all of the claims presented, as the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), requires. O'Neill filed his Memorandum of Law Objecting to Summary Dismissal, objecting to the PFRD, on January 15, 2013. See Doc. 104 ("Objections"). Having reviewed the PFRD and O'Neill's Objections, the Court will adopt the PFRD, grant the Defendants' Motion for Summary Judgment, and enter judgment for Defendants and against Plaintiff.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when

-2-

resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C)).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060.

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system,

> testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C)), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided *sua sponte* to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at

1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a *de novo* determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a *de novo* determination of the objected to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the magistrate judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

-6-

recommendations.")(quoting 28 U.S.C. § 636(b)(1));  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a *de novo* determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

      Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  See Kirven v. Curry Cnty.

Det. Ctr., No. CIV 06-1212 JB/WDS, 2012 WL 4947979, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings and recommended disposition where the Court found that "the Magistrate Judge's recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); Thurlo v. Guiding Star LLC, No. CIV 12-0889 JB/LFG, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); Hudson v. Astrue, No. CIV 11-0522 JB/CG, 2012 WL 4950751, at *3 (D.N.M. Sept. 24, 2012)(same).  This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## RELEVANT LAW REGARDING SUPPLEMENTAL JURISDICTION

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  Federal courts "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Among the powers that Congress has

bestowed upon the courts is the power to hear controversies arising under federal law -- federal question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction.  See 28 U.S.C. §§ 1331-32.

### 1. **Supplemental Jurisdiction.**

Although a statutory basis is necessary for federal courts to exercise jurisdiction over a controversy, "it is well established -- in certain classes of cases -- that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. at 552.  The Supreme Court has long subscribed to the concept of supplemental jurisdiction recognized in two common-law doctrines -- pendent and ancillary jurisdiction.  Federal courts may exercise pendent jurisdiction over state-law claims when "state and federal claims . . . derive from a common nucleus of operative fact."  United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Supplemental jurisdiction gives federal courts the flexibility to hear a cause of action after the introduction of third parties whose insertion into the litigation is not supported by any independent grounds for federal jurisdiction, when those parties share a common interest in the outcome of the litigation and are logical participants in it.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375 n.18 (1978).

In 1988, Chief Justice William H. Rehnquist created the Federal Courts Study Committee to analyze the federal court system and to recommend reforms.  See James v. Chavez, No. CIV 09-0540 JB/CG, 2011 WL 6013547, at *5 (D.N.M. Nov. 21, 2011)(Browning, J.)(citing 16 Moore's Federal Practice, § 106.04[5] (Matthew Bender 3d ed.)).  In response to the

Committee's findings regarding "pendent" and "ancillary" jurisdiction, Congress codified the application of the two doctrines when it passed the Judicial Improvements Act of 1990:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In enacting 28 U.S.C. § 1367, Congress conferred upon federal district courts "supplemental forms of jurisdiction . . . [that] enable them to take full advantage of the rules on claim and party joinder to deal economically -- in single rather than multiple litigation -- with matters arising from the same transaction or occurrence." Report of the Federal Courts Study Committee, Part II.2.B.2.b. (April 2, 1990), reprinted in 22 Conn. L. Rev. 733, 787 (1990).

### 2. **District Court Discretion.**

The Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction, not as a litigant's right, but as a matter of judicial discretion. See Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004)(citing City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court's opinion in United Mine Workers v. Gibbs, compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726. Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, district courts should seek to exercise supplemental jurisdiction in an effort to "vindicate values of economy, convenience, fairness, and comity." Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d at 1164.

Numerous courts have acknowledged that 28 U.S.C. § 1367(c) necessarily changed the district courts' supplemental jurisdiction discretion analysis and that, unless one of the conditions of 28 U.S.C. § 1367(c) exists, courts are not free to decline jurisdiction. See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998)("Section 1367 has indeed altered Gibbs' discretionary analysis."); McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994)("The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."); Executive Software N. Am. v. U.S. Dist. Court, 24 F.3d 1545, 1557 (9th Cir. 1994)("By codifying preexisting applications of Gibbs in subsections (c)(1)-(3), however, it is clear that Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories."); Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)("[S]upplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c)."); Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *8

(D.N.M. Apr. 30, 2009)(Browning, J.)("28 U.S.C. § 1367(c) changed the district courts' supplemental jurisdiction discretion analysis to prohibit courts from declining jurisdiction unless one of the conditions of 28 U.S.C. § 1367(c) exists.").

## **ANAYLYSIS**

The Court has carefully reviewed: (i) the Motion for Summary Judgment; (ii) the Supplemental Brief; and (iii) the Objections. Judge Wormuth found that O'Neill has alleged a total of seven causes of action, six of which pertained to federal law and one of which, a breach of contract claim against Defendant Dwane Santistevan pertained to common law. See PFRD at 5-6. Judge Wormuth concluded that O'Neill failed to demonstrate that he had exhausted administrative remedies as to any of his federal law claims raised either in No. CIV 11-0858 or No. CIV 12-0054. See PFRD at 9-11. Because the Court will adopt Judge Wormuth's recommendations in the PFRD, including to dismiss the federal claims without prejudice, the Court will decline to exercise supplemental jurisdiction over O'Neill's common-law breach of contract claim.

**I.     THE COURT WILL ADOPT JUDGE WORMUTH'S PFRD, AS THE COURT CANNOT SAY THAT IT IS CLEARLY ERRONEOUS, ARBITRARY, CONTRARY TO LAW, OR AN ABUSE OF DISCRETION.**

O'Neill's Objections to the PFRD do not address Judge Wormuth's conclusions. Instead, O'Neill asserts that "[t]his case is facts and proven corruptions and is not frivolous or malicious," that "[t]his case has always stated its claims upon which relief may be granted," and that "[a]ll claims for the Defendants are without any foundation or evidence proving the Plaintiff claims is without merit." Objections at 2-3 (original wording). The remainder of O'Neill's Objections complain more generally about the iniquity of the administration of the federal justice system

and appear to reflect his general concerns about modern American society. At page five in his Objections, for example, he states:

> Wherefore, the Plaintiff prays this Court, to let us come together and pray that righteousness of a court be restored to God that we may have equal justice, honesty, honor and respect, and to have freedom from corruptions and to quash the evil forces out of our system which has [inundated] our judicial system through political influence and personal connections.

Objections at 5.

The Tenth Circuit has repeatedly emphasized that objections to the Magistrate Judge's PFRD must be specific. See One Parcel, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); id. ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."). As the Tenth Circuit explained in One Parcel, "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." 73 F.3d at 1060.

Having carefully reviewed the content of O'Neill's Objections, the Court finds that he has not met the specificity requirement that the Tenth Circuit has set forth in One Parcel. O'Neill does not show how he has exhausted the claims that Judge Wormuth found he failed to exhaust.[2] O'Neill's Objections do not mention any of the specific deficiencies that Judge

---

[2] Judge Wormuth points out that the Defendants submitted, as exhibits attached to their Motion for Summary Judgment and Supplemental Brief, evidence that the New Mexico Corrections Department has records of seven grievances that O'Neill filed during his incarceration through October 18, 2012. See PFRD at 9. O'Neill exhausted his administrative

Wormuth identified, or even the issue of exhaustion generally.  In the absence of any specific reference to Judge Wormuth's PFRD, much less the findings or the recommendations set forth within the PFRD, the Court overrules O'Neill's Objections. O'Neill has, essentially, waived any objection by failing to specifically object as 28 U.S.C. § 636(b), rule 72(b)(2), and the Tenth Circuit case law construing those provisions requires.

Accordingly, the Court conducted a review of Judge Wormuth's PFRD using the Court's standard of review when there is no objection. Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD. See Workheiser v. City of Clovis, 2012 WL 6846401, at *3 (adopting the magistrate judge's proposed findings and recommended disposition where the Court found that "the Magistrate

---

remedies with regard to two of the seven grievances.  See PFRD at 9-10.  The conduct of which O'Neill complains in the two grievances for which he has exhausted his administrative remedies are unrelated to any of O'Neill's claims in either of these two civil actions, as the grievances alleged unconstitutional or illegal conduct committed by prison guards who are not named defendants in these civil cases.  See PFRD at 10 n.5.  Moreover, Ralph Casaus, the New Mexico Corrections Department Grievance Appeals Coordinator in Santa Fe, New Mexico, in his Affidavit represents that O'Neill has not submitted any grievance appeals from the year 2006 to the present, and he has not submitted any appeals concerning "staff misconduct, inappropriate behavior of a sexual nature or staff retaliation" by any of the named Defendants in these actions.  Affidavit of Ralph Casaus, filed Oct. 29, 2012 (No. CIV 11-0858, Doc. 87-1).  That he has not filed any grievances against the named Defendants since 2006 might evidence that O'Neill's claims are time barred, falling outside of the three-year statute of limitations imposed on § 1983 claims.  See Lymon v. Aramark Corp., 728 F. Supp. 2d 1207, 1216 (D.N.M. 2010)(Browning, J.)("A § 1983 claim arising in New Mexico is subject to a three-year statute of limitations."). (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)).  The Defendants did not raise the issue whether the statute of limitations bars O'Neill's claims in their Motion for Summary Judgment, and Judge Wormuth did not find in his PFRD that the statute of limitations has run on O'Neill's causes of action.  The Court cannot, therefore, soundly conclude that the Defendants have shown O'Neill's causes of action in these cases are time-barred and will thus dismiss his claims without prejudice.

Judge's recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); Kirven v. Curry Cnty. Det. Ctr., 2012 WL 4947979, at *3 (same); Thurlo v. Guiding Star LLC, 2012 WL 5378963, at *3 (same). The Court grants the Defendant's Motion for Summary Judgment.

## II.     THE COURT WILL NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER O'NEILL'S COMMON-LAW CLAIM AT THIS TIME.

Given that the Court has adopted the PFRD, and dismissed without prejudice O'Neill's six federal law claims, there remains one claim arising under common law -- a breach of contract claim against Santistevan. Section 1367(c)(3) of Title 28 of the United States Code provides: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit reviews a district court's decision not to exercise jurisdiction under 28 U.S.C. § 1367(c) for abuse of discretion. See Nielander v. Bd. of Cnty. Comm'rs, 582 F.3d 1155, 1172 (10th Cir. 2009). The Tenth Circuit has held: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." Koch v. City of Del City, 660 F.3d at1228, 1248 (10th Cir. 2011)(quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998)). The Supreme Court has also recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers of Amer. v. Gibbs, 383 U.S. at 726.  The Court has previously stated that a district court should usually decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies.  See Armijo v. New Mexico, No. CIV 08-0336, 2009 WL 3672828, at *4 (D.N.M. Sept. 30, 2009)(Browning, J.)("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").  The Tenth Circuit has recognized that a district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction[.]'"  Muller v. Culbertson, 408 F. App'x 194, 197 (10th Cir. 2011)(unpublished).  The Court has determined that no federal claims currently remain in the case.  Given the Tenth Circuit's guidance that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims," the Court believes that dismissing the remaining common-law claim, which would be decided under New Mexico state law, without prejudice is the appropriate resolution at this time.  Koch v. City of Del City, 660 F.3d at 1248 (quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d at 1156). The Court, therefore, dismisses O'Neill's remaining common law claim without prejudice.

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment, filed July 2, 2012 (Doc. 61), is granted.  The Plaintiff's Complaint, filed September 22, 2011 (No. CIV 11-0858, Doc. 1), and his Complaint, filed January 18, 2012 (No. CIV 12-0054, Doc. 1), are dismissed without prejudice as to Plaintiff Daniel O'Neill's § 1983 claims. The Court declines to exercise supplemental jurisdiction over O'Neill's remaining common law claim and that claim is also dismissed without prejudice.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Daniel O'Neill
Penitentiary of New Mexico
Santa Fe, New Mexico

      *Plaintiff pro se*

Michelle A. Bowdon
  Deputy General Counsel
Office of General Counsel
New Mexico Corrections Department
Santa Fe, New Mexico

      *Attorney for the Defendants*

-17-